NO. 07-06-0395-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 5, 2007


______________________________



ROY BRENT CAMPBELL,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 181st DISTRICT COURT OF RANDALL COUNTY;



NO. 16,584-B; HON. JOHN B. BOARD, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Appellant appeals from his conviction for debit card abuse. The clerk's and
reporter's records were due on November 27, 2006. The clerk filed an extension motion
on November 28, 2006, stating that appellant had not paid or made arrangements to pay
for the record and a designation of record had not been filed. The motion was granted to
December 15, 2006. The reporter filed an extension on December 12, 2006, stating she
was unaware that this case was on appeal, which was granted to January 12, 2007. On
December 14, 2006, a letter was sent to appellant's attorney asking for certification that
he has complied with the Rules of Appellate Procedure concerning the filing of the
appellate record. To date, no response has been filed by counsel. 

 Accordingly, we abate this appeal and remand the cause to the 181st District Court
of Randall County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:


 whether appellant desires to prosecute the appeal;




 whether appellant is indigent;




 whether appellant is entitled to a free appellate record due to his
indigency; and




 whether appellant has counsel or is entitled to appointed counsel.


 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental records and reporter's records transcribing the hearing with the clerk of this
court on or before February 5, 2007. Should further time be needed by the trial court to
perform these tasks, then same must be requested before February 5, 2007.

 It is so ordered.

 Per Curiam

Do not publish.